MEYER *v.* BOARD OF IMPROVEMENT OF PAVING DISTRICT
No. 3.

Opinion delivered May 23, 1921.

1. MUNICIPAL CORPORATIONS—ATTACK ON IMPROVEMENT ORDINANCES— LIMITATION.—After expiration of the 30-day period for attacking improvement ordinances, provided by Crawford & Moses' Dig., § 5668, third persons who are not parties to actions previously instituted for the purpose of attacking an assessment can not become party plaintiffs by adopting the pleadings of the original plaintiffs.

2. MUNICIPAL CORPORATIONS—ESTOPPEL TO ATTACK VALIDITY OF IMPROVEMENT ORDINANCES.—Persons who signed a petition for creation of a municipal improvement district are not, by signing such petition, estopped to question the validity of the ordinances creating the district or fixing an assessment on the ground that the law was not followed, since the petitions conferred no authority beyond the statute.

3. MUNICIPAL CORPORATIONS—ESTOPPEL OF PROPERTY OWNERS.— Where property owners know that the commissioners of an improvement district are exceeding their authority, they may by some affirmative act estop themselves thereafter from questioning the legality of the commissioners' action.

4. MUNICIPAL CORPORATION—BOUNDARIES OF IMPROVEMENT DISTRICT. —The boundaries of an improvement district are not indefinite because described as running along a certain street to the place of beginning, though another street intervenes between such street

and the place of beginning, where the line between the end of the designated street and the place of beginning is a straight one, as course and distance yield to fixed monuments in land surveying.

5. MUNICIPAL CORPORATIONS—STREET IMPROVEMENT—EXCESSIVE ASSESSMENT.—Where an assessment in an improvement district exceeded the 20 per cent. limit fixed by the statute (Crawford & Moses' Digest, § 5666), the assessment is void, though the assessment is based on an estimate of costs which includes an item for unforeseen expenses, which might not be needed.

6. MUNICIPAL CORPORATIONS—STREET IMPROVEMENT—ASSESSMENT.— In determining the benefits from street improvements, the assessors should take into consideration the peculiar situation of each lot, including the fact that some of the lots had access to pavements already constructed.

7. MUNICIPAL CORPORATIONS—STREET IMPROVEMENT—ALLOWANCE FOR IMPROVEMENTS.—Under Crawford & Moses' Dig., § 5672, where property owners had curbed and guttered their property, and such improvement was of value to an improvement district formed to improve the street, the commissioners of the district should allow the value of such improvement as a set-off against their assessments.

8. MUNICIPAL CORPORATIONS—ASSESSMENT OF BENEFITS.—Property owners in an improvement district can not object that the assessed benefits equal the cost of the improvement.

9. MUNICIPAL CORPORATIONS—SEPARATE IMPROVEMENT DISTRICTS.— Where separate improvement districts for paving and guttering streets were attacked on the ground that the work was in reality a single improvement, and that the estimated cost of the combined improvements exceeded the statutory 20 per cent. limit, the *prima facie* presumption that the improvements are separate, arising out of the petition of the property owners and the ordinances of the city council, is not overcome by proof that such improvements are ordinarily constructed as a single improvement; it being necessary to show that it would be impracticable to construct one without constructing the other.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*Joseph R. Brown,* for appellants.

1. The petitioners were not estopped to attack the assessment. 2 Page & Jones on Taxation, p. 1696; 35 S. W. 726; 115 Ark. 88; 70 *Id.* 451; 117 *Id.* 98. The court erred in ruling that estoppel precluded signers of either petition in the creation of the district from attacking the

validity of either petition.   A petitioner must he held to intend that the improvement will be constructed and assessments levied in a manner provided by law.

. The court's attitude in suggesting a motion to make more definite and certain was well taken.   If defendants were at a loss to know the names of parties plaintiff, the motion referred to would have disclosed the information. Authorities need not be cited as it is well settled.

2.   It was error to exclude the testimony of plaintiff's expert witness, Foos, as a question of fact was raised as to whether or not the two districts were created for the purpose of making one improvement and therefore illegal because the cost exceeded 20 per cent. of the value of the property.   This was settled in 75 N. Y. 354, which see.   Also 138 N. W. 853.   135 Ark. 315 has no application.

3.   The court erred in denying plaintiff's request for a perpetual injunction on the ground that it was admitted by defendants and proved that the cost of the paving alone within the district was estimated at $84,000 which was more than 20 per cent. of the value of the property in the district as disclosed by the last county assessment. Kirby's Digest, § 5683.

4.   The court erred in precluding plaintiffs from introducing testimony on the inequality, unjustness, unequitableness and discriminatory nature of the assessment, and that they were improperly levied.   The imputation of fraud on part of the assessors was not requisite; the issue was raised whether a constitutional right had been infringed, and plaintiffs were entitled to be heard on the question.

*Starbird & Starbird,* for appellants.

1.   The assessments are illegal and void.   The place of commencement is indefinite and uncertain, and the cost is excessive.   Kirby's Digest, § 5683.   The cost exceeds 20 per cent. of the value of property in the district. 115 Ark. 94; 86 *Id.* 21; 106 *Id.* 46.

An assessment which does not take into consideration the fact that the paving needs of property is furnished or partly furnished by former pavements built at the expense of the property by former improvement districts is not valid.  The benefits accruing to the property in the old district from the improvement should be considered in determining the benefits to accrue from the new improvement.   109 Ark. 90-7; 97 *Id.* 342-3.   The assessors refused to consider the former pavement, and the assessment is invalid and should be set aside.

2.   The testimony of the assessor was competent, and it was error to exclude it.   86 Ark. 21.

3.   The doctrine of estoppel does not bar appellants. They are not estopped.   It was the duty of those who were authorized to exercise powers which might find the property of appellants to see that the provisions of the statutes under which they were acting were complied with.   59 Ark. 344-361.   The boundaries of the districts are uncertain, and the commissioners have assessed more than 20 per cent. of the value of the property in the district, and the assessment of benefits is invalid.

*E. L. Matlock,* for appellees.

1.   There was no error in refusing to admit the evidence offered or tendered.   C. & M. Digest, § 5672.   The assessor's evidence as tendered was not sufficient, if admissible at all.   The assessments were not excessive, and the evidence fails to show that they were not fair, equal and just.   80 Ark. 462; 81 *Id.* 80; 84 *Id.* 527; 93 *Id.* 563; 98 *Id.* 543; 99 *Id.* 508.

4.   The tender of evidence was objectionable for two reasons.   (1) It was not shown by the witness Foos that he had ever seen the plans of two improvement districts or the estimates of cost of same, and he was not qualified as an expert.   132 Ark. 511.   (2) Appellants proposed to prove merely a conclusion of law.

5.   There was another failure of proof on part of appellants to sustain their allegations in the complaints. It was not error to admit the new parties as plaintiffs.

C. & M. Digest, § 5668. This statute has been sustained by a long line of our own decisions, too numerous to cite. A legal proceeding is not begun when a party empowers an attorney to appear and act for him, but when the attorney in pursuance of authority does appear and act. 45 Atl. Rep. 735. It was error to permit new parties plaintiff to be made.

6. The proof utterly fails to overcome the presumption that the improvement board will do its duty and obey the statute and hold the cost within the statutory limit. Appellants have utterly failed to prove their case.

7. Appellants are estopped by signing the petitions. 115 Ark. 88.

SMITH, J. On September 9, 1919, an ordinance was passed by the council of the city of Van Buren creating Paving District No. 3 for the purpose of paving certain streets therein designated. On the same day the council passed an ordinance creating Curb and Gutter District No. 1, for the purpose of curbing, guttering, and draining the streets which were to be paved by Paving District No. 3.

Within the time limited by law J. L. Rea, J. H. Butler and H. F. Meyer, filed suits attacking the two districts on numerous grounds. About the same time M. L. Garrett and W. J. Martin filed suits for the same purpose. All these plaintiffs had signed the petitions for both improvements. The causes were consolidated and tried together, and from a decree dismissing these suits for want of equity is this appeal.

The districts are attacked on the following grounds:

(1) That the boundaries of the districts have not been designated with the certainty required by statute.

(2) That the commissioners of the district and the city council have assessed and levied more than twenty per centum of the value of the real estate according to the last county assessment.

(3) That the assessors specifically refused to consider the present condition of appellants' lands in the

districts by reason of their paving needs being wholly or partly supplied by public and private pavements and improvements already built.

(4) The fact that the assessments are an expense spread upon the districts, and are not special benefits enjoyed by appellants' lands fairly assessed against them.

(5) That the improvements proposed as separate improvements constitute in fact a single improvement, the cost of which very largely exceeds twenty per cent. of the value of the real estate lying in the district.

In answer to these objections, it is first contended on behalf of the districts that the plaintiffs are estopped to raise these questions, for the reason that they had signed the petitions for the creation of the districts. The court below appeared to have had this view, and permitted other property owners who had not signed the petitions to become parties plaintiff to the suits, and the trial proceeded in the name of these new parties to a final decree.

We think the court should not have permitted the new parties to be made plaintiffs. Several months had then expired since the publication of the notices of the ordinances creating the districts; and the effect of the court's action was to permit these persons, by adopting the pleadings of the persons whose names are set out above, to prosecute litigation which the statute required them to begin within thirty days.

Section 5668, C. & M. Digest, prescribes the period of limitation for the institution of suits to test the validity of these ordinances, and is as follows:

"Section 5668. Within thirty days after the passage of the ordinance mentioned above, the recorder or city clerk shall publish a copy of it in some newspaper published in such town or city for one time. And all persons who shall fail to begin legal proceedings within thirty days after such publication for the purpose of correcting or invalidating such assessment shall be forever barred and precluded."

We think, however, the court was in error in dismissing the plaintiffs' complaint because they had signed the petitions for the districts. The petitioners, in signing the petitions, consented only that the law be followed, and the petitions themselves conferred no authority beyond the statute. *Rayder* v. *Warrick,* 133 Ark. 491; *Nunes* v. *Coyle,* 148 Ark. 365.

Of course, where property owners know that the commissioners have exceeded their authority, they may do some affirmative act which will estop them from thereafter questioning the legality of the commissioners' action, as was done in the case of *Harnwell* v. *White,* 115 Ark. 88. But these plaintiffs took no such action. They merely petitioned in conformity with the statute for the creation of the districts.

We think the boundaries of the districts were sufficiently described. The objection to the boundary is that, after reaching Bois D'Arc Street, the boundary is described as thence northwesterly along Bois D'Arc Street to the place of beginning. Bois D'Arc Street does not extend to the place of beginning. Second Street intervenes between the end of Bois D'Arc Street and Main Street, the place of beginning, and the distance is three blocks. But Second Street is an extension of Bois D'Arc Street. A line to the point of beginning from Bois D'Arc Street is a straight one, and this part of the boundary line—a line between two fixed points—is, therefore, definite and certain, as both course and distance yield to fixed monuments in land surveying. *Johnson* v. *Hamlen, post* p. 634; *Doe* v. *Porter,* 3 Ark. 18; *Harrell* v. *Hill,* 19 Ark. 102; *Brown* v. *Hardin,* 21 Ark. 324; *Chapman & Dewey Lbr. Co.* v. *Levee Dist.,* 100 Ark. 94; *Scott* v. *Dunkel Box & Lbr. Co.,* 106 Ark. 83; *Paschal* v. *Swepston,* 120 Ark. 230.

We think the second objection is well taken, in so far as it applies to Paving District No. 3. The valuation of the real estate in the district as shown by the last county assessment was $418,420. The twenty per cent. limita-

tion fixed by statute would limit the cost of any improvement in that district to $83,684. The estimated cost of the paving is, we think, $84,000, which is, of course, in excess of the twenty per cent.

On behalf of the district it is insisted that the estimated cost of the improvement is only $78,000. The controversy about the estimated cost arises over an item of $6,764 which is designated as "unforeseen" in the report of the board of commissioners of Paving District No. 3 which was filed in open council meeting March 1, 1920. The court below excluded this item of $6,764 in determining the estimated cost; and that action is defended on the ground that no showing is made that its expenditure will be necessary to complete the improvement, and that the cost of the known and necessary expenditures is only $77,236. Such, however, is not the case. The expenditure of this item of $6,764 is sufficiently probable to cause its insertion in the estimate of cost contained in the commissioners' report to the council, and the ordinance creating the paving district, which was passed April 12, 1920, contains a recital that "the estimated cost of said improvement is $125,000." While this last named sum appears to include interest—a thing permitted by the statute—it appears also to include the estimated construction cost of $84,000.

We think the third objection is also well taken. It was shown that, before the organization of Paving District No. 3, lots in this district 3 belonging to certain of the plaintiffs herein, fronting on Main Street, had been paved and curbed upon that front at great expense, and that such paving and curbing was in good repair, and was in daily use, and was sufficient for the needs of all the property so fronting on Main Street. But the assessors, in making the assessment, refused to take into consideration the condition of said property by reason of said former pavement which had been built by Paving District No. 1 and that certain other plaintiffs had, privately and at their own expense, paved portions of their

own property and had built curbs and gutters; and the assessors had also refused to take that paving and curbing and guttering into account in assessing the betterments.

These improvements should have been taken into account. In assessing benefits to accrue to property by reason of an improvement, it is the duty of the assessors to take into consideration the peculiar situation of each and every piece of property to be assessed.

It is true District No. 3 did not propose to repave streets which an older district had paved; but this older district had paved streets on which lots in District No. 3 fronted, and it would have been proper, therefore, to consider that the lots which would be in two districts had access to pavements already constructed in determining what additional enhancement in value would result from the construction of other pavements. This, of course, is a question of fact, and we do not undertake to say what finding the commissioners should have made. We only hold that those conditions should have been taken into account in determining what betterment would result from the construction of the proposed improvements.

Section 5672, C. & M. Digest, applicable to this phase of the case, reads as follows: "Section 5672. If in the construction of sidewalks or making other improvements any owner of taxable property in the district shall be found to have improved his own property in such manner that his improvement may be profitably made a part of the general improvement of the kind in the district, being also as good as that required by the system determined upon by said board, the board of improvement shall appraise the value of the improvement made by the owner, and shall allow its value as a set-off against the assessments against his property. And, in case the owner who has made such improvements shall be found to have failed to come up to the required standard, the board may allow him the value of the materials thereof, so far as the same may be profitably used in

perfecting the system aforesaid, as a set-off against his property thus improved. In such cases the board shall issue to the owner a certificate showing the amount of set-off allowed, which certificate shall be received by the collector in lieu of money for the amount named therein charged against said property.''

The commissioners should have taken into account the contention of the property owners in regard to their curbing and guttering. Their curbs and gutters might, or might not, have possessed value as defined in section 5672, C. & M. Digest, *supra.* But the property owners' contention in this respect should have received sufficient attention at the hands of the commissioners for them to have determined that fact. The assessment of betterments by the assessors is not influenced by the value to the district of the curbing and guttering; but, when the curbs and gutters have value to the district, that value should be ascertained by the commissioners as provided in section 5672, C. & M. Digest, and certificates issued by the commissioners showing what that value is, to the end that the certificate may be paid to ''the collector in lieu of money for the amount named therein charged against said property.''

We do not think the fourth objection is well taken. It does appear that the betterments assessed exactly equal the total estimated cost. No attempt was made to show that the assessment was otherwise improper than the failure of the assessors to take into account certain existing improvements, which failure we have already discussed. It is not shown that excessive betterments have been assessed. The showing is that total estimated betterments equal total estimated cost. This, of itself, is not a fatal defect. The cost of the improvement can, of course, never exceed the betterments. But where the betterments are fairly and uniformly determined, and that finding is not the result of a purpose to raise sufficient revenue to construct the improvement, whether the betterments equal the cost of the improvement or

not, there is no legal or constitutional requirement that the full betterment be assessed. No betterment can be assessed unless an honest and impartial finding is made that an enhancement of value results from the proposed improvement, and the amount of this betterment can never exceed the estimated enhancement in value resulting from the improvement. But, if, acting honestly and impartially, the assessing officers conclude the betterment will exceed cost, and they decide to proportionately reduce their estimate of betterments, so that the total betterments assessed shall not exceed the known estimate of cost, we think they have not transcended their authority, nor have they acted in contravention of the Constitution or the statutes of the State.

We think the court did not err in the ruling made excluding the testimony of a witness named Foos in regard to the identity of the improvements. In the case of *Bottrell* v. *Hollipeter*, 135 Ark. 315, we said: ''The petition of the property owners for, and the ordinance pursuant thereto creating, the two districts are at least *prima facie* evidence that the petitioners and the town council considered that the improvements provided for did not constitute a 'single' improvement, as designated in the statute. The facts stated in the answer and admitted by the demurrer of appellant to be true show that they were not essentially one improvement.'' The witness was a contractor, and had never seen the plans for the proposed improvement. He would have testified—had he been permitted to do so—that such improvements were considered by the engineering profession as constituting a single improvement. He did not offer to testify, however, that the improvement could not be separately and successfully constructed. He would have testified that they were usually constructed together, and, therefore, regarded by the engineering profession as a single improvement. But that testimony would not have shown that they were essentially one improvement.

To overcome the *prima facie* presumption arising out of the petition of the property owners and the ordi-

nance of the council, something more is required than a mere showing that paving and curbing and guttering are ordinarily constructed as a single improvement. ·

The presumption would not be overcome unless there was an affirmative showing that it was not practicable to construct one without constructing the other, or the showing made that one might not be first constructed as a complete improvement and the other subsequently constructed as another separate and complete improvement.

There are cases cited in appellants' brief which hold that the question of the identity of these improvements is judicial, and not one of fact. But this court held otherwise in the case of *Bottrell* v. *Hollipeter, supra;* and we now hold that the testimony excluded by the court was not sufficient to overcome the *prima facie* presumption arising out of the enactment of the ordinances creating the districts.

Other objections to the districts are urged in the briefs; but they are questions which we think do not require discussion here. These were certain questions of fact in regard to the assessed values of property within the districts; and it does not appear that the finding of the court thereon was clearly against the preponderance of the evidence.

Decree reversed and cause remanded.

