DAVIS *v.* COOK.

Opinion delivered May 7, 1923.

1. JUDGMENT—RES JUDICATA.—A former decision holding that an attack upon the validity of assessments in a road improvement district was barred by failure to perfect an appeal from a judgment upholding the assessments within 30 days *held res judicata.*

2. HIGHWAYS—WASTE BY COMMISSIONERS OF ROAD DISTRICT.—In a suit against the commissioners of a road improvement district for waste of the funds of the district, an allegation that the commissioners wrongfully selected as the depository of the dis-

trict a bank of which one of the commissioners was president, director and stockholder, was demurrable. in the absence of an allegation of waste or loss of funds by the bank.

3. HIGHWAYS—WASTE OF FUNDS OF IMPROVEMENT DISTRICT.—In a suit against the commissioners of a road improvement district for waste of its funds, an allegation that the commissioners did not allow the time-slips of the men employed in the construction of the road to be honored at any place except at a place of business owned by one of the commissioners *held* demurrable in the absence of an allegation that the district lost anything on that account.

4. HIGHWAYS—WASTE OF FUNDS OF IMPROVEMENT DISTRICT.—In a suit against road commissioners for waste of the district's funds, an allegation that the commissioners took over a gravel bed, for which a judgment was obtained against the district, and that the bed was subsequently abandoned by the commissioners, *held* demurrable, in the absence of an allegation that the commissioners acted with a corrupt or malicious intent in regard thereto.

5. HIGHWAYS—WASTE OF FUNDS OF IMPROVEMENT DISTRICT.—In a suit against the commissioners of a road improvement district for waste of the funds of the district, an allegation that the commissioners committed waste of such funds by employing attorneys to pass upon the validity of the bonds issued by the district *held* demurrable; such matter being within the power of the commissioners, the only inquiry of the court being to determine whether or not the contract is so improvident as to demonstrate its unreasonableness.

6. HIGHWAYS—WASTE OF FUNDS OF IMPROVEMENT DISTRICT.—In a suit against road improvement commissioners for waste an allegation that waste was committed in employing an engineering firm at five per cent. to supervise the construction of the improvement when one per cent. would have been a reasonable fee, *held* not sustained by the evidence.

7. HIGHWAYS—WASTE OF FUNDS OF IMPROVEMENT DISTRICT.—Where an act creating a road improvement district provided that the commissioners might vary the line of the road if they deemed it to the best interests of the district if the county court approved the change, a landowner objecting thereto should exercise his right of appeal in apt time, and the action of the county court approving such change cannot be questioned in a collateral proceeding against the commissioners for waste of the district's funds.

Appeal from Little River Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*E. F. Friedell* and *Evans & Evans,* for appellant.

The court erred in sustaining demurrer to paragraphs 10 and 12 of the amended complaint and also to paragraph 11, except the last subparagraph, and the last subparagraph of paragraph 13. 124 Ark. 6. The fact that the contract was made with the bank does not remedy the condition, since Cook, secretary of the board, was a stockholder, director and president of the bank, the inhibition is against the commissioner being interested, "either directly or indirectly," in any contract made by the board. "Indirectly" defined, 32 Md. 561, 3 Am. Rep. 364; 4 Words & Phrases; 36 N. W. 868, 38 Minn. 255; 2 Gill & J. 382; 84 N. E. 737, 198 Mass. 413; 2 Words & Phrases, 2d series. Paragraph 12 is substantially the same as paragraph 25 of complaint in 147 Ark. 476. The subparagraph of paragraph 11 charges waste and mismanagement relative to a gravel bed the commissioners attempted to procure from the district. The 2d subparagraph of said paragraph 11 charges commissioners unlawfully paid $1,500 fee to a firm of lawyers for an opinion on validity of district bonds, when the opinion was procured at the instance and for the benefit of the bond buyers. 122 Ark. 14; 143 Ark. 446. The subparagraph of paragraph 15 charges that the commissioners built a mile of road unnecessarily in order to pass the residence of one of the commissioners and in front of the bank of which he is president. Commissioners would not permit time slips of employees cashed except at store of which Commissioner Cook was president of company. *Tallman* v. *Lewis,* 124 Ark. 6. The Jewell-Greenwood shoals lateral and all the laterals were built without complying with the law and making separate assessment of benefits and applying the funds arising from additional assessment of benefit to the construction of the particular lateral for which made. Sec. 21, act 292.

*Shaver & Shaver, A. D. Dulaney, Jones & Head,* and *Paul Jones, Jr.,* for appellees.

The opinion of the court on the motion to dismiss eliminates from the appeal all paragraphs of the complaint except those relating to the alleged waste committed and suffered by the commissioners, by the engineers and contractors of the district. Many of these charges have been abandoned by appellant's failure to argue them in their brief. 135 Ark. 272; 139 Ark. 283; 147 Ark. 469. No error in sustaining demurrer to paragraph 10. *Tallman* v. *Lewis,* 124 Ark. 6, not in point. The district lost no money by its employees trading with the New Rocky Grocery Co., nor by placing the funds in the depositories selected. No personal liability of commissioner unless he acted with a corrupt and malicious intent. Sec. 17, act 292, Acts 1919. Demurrer properly sustained to subparagraph 2, paragraph 11, relative to payment of fee for attorney's opinion of validity of district bonds for benefit of bond buyers. Opinion was necessary in order to sell the bonds, and commissioners had right to make contract. 151 Ark. 47. Word "unlawfully" does not aid paragraph. *Pharr* v. *Knox.* 145 Ark. 4. Not sufficient to plead fraud generally. 35 Ark. 555; 17 Ark. 603; 51 Ark. 1; 72 Ark. 478; 110 Ark. 416. Paragraph 12 also insufficient. Case of 147 Ark. 469 readily distinguishable from facts herein. Proof shows (Wright case) only usual price agreed to be paid engineers. Burden was on plaintiffs to show contracts unreasonable. 149 Ark. 476; Pomeroy's Equity, par. 927. As to last paragraph of 13, commissioners had right to select route through town of Foreman, §§ 1 and 2, act 292, Acts 1919, and there is no allegation of existence of a more feasible or less expensive route than one selected. Only conclusions of law stated. 145 Ark. 4; 35 Ark. 555; 43 Ark. 296. Assessments were properly levied and moneys used for laterals as authorized by the act. Appellants were estopped to bring these actions objecting to the construction of the primary roads or laterals and attempting to put upon the commissioners the burden of paying for the laterals. 61 N. E. (Ill.) 111; 50 Ark. 116; 36 L. R. A. (N. S.) 39, 43 Mass. 336; 55 Ark. 148.

SMITH, J. Appellants are landowners in Road Improvement District No. 7 of Little River County, which was created by a special act of the 1919 General Assembly.

They brought separate suits attacking the district on numerous grounds. The court below dismissed their complaints, and they appealed to this court, and we decided that so much of the appeal as involved the validity of the district, or the assessment of benefits, should be dismissed because the appeal was not taken and perfected within the thirty days required by the act creating the district. We also held that the thirty-day limitation on the right of appeal did not apply to the parts of the complaint which sought to recover against the commissioners, the engineers and contractors for waste, as to which allegations we held the general statute of limitations applied. *Davis* v. *Cook,* 155 Ark. 613.

The case has now been briefed upon the allegations of waste and the testimony relating thereto, the court below having found against the plaintiffs on all the questions raised.

It is first insisted that certain laterals were constructed without authority, and without assessing against the lands benefited thereby the cost thereof, as provided by the act.

Express authority was given by the act to construct these laterals; but it is insisted there was no separate assessment of betterments, as required by the act. The testimony shows there was a separate assessment of benefits for each lateral. The lands were divided into six zones with reference to their proximity to the main thoroughfares, and a maximum assessment of $12 per acre was made against the lands lying in the first zone, the one nearest the road. Lands lying adjacent to the lateral roads were assessed on the same basis, but an assessment exceeding $12 was not made against any land, although it was within a mile of both a main

thoroughfare and a lateral. Certain other objections to the assessments were also made.

We think all of these questions may be disposed of by saying that the former decision of this case is decisive of them. If proper assessments were not made, or if assessments were made upon an improper basis, an appeal therefrom should have been taken within the time and manner provided by section 22 of the act, and that was not done.

It is next insisted that the commissioners wrongfully selected as the depository of the district a bank of which one of the commissioners was president, director and stockholder, and therefore interested in the contract between the bank and the district. This allegation of the complaint was disposed by demurrer thereto, which the court sustained; and we think the demurrer was properly sustained. The act does require that the directors take an oath, and, pursuant to the act, they took the oath, that they "would not be interested, directly or indirectly, in any contract made by the board." The case of *Tallman* v. *Lewis,* 124 Ark. 6, is cited in support of appellant's insistence.

We think that case has no application here. There was no allegation that the commissioners, or any of them, paid out any funds of the district to the bank, or to anyone else, for the services of the bank in acting as a depository. The director was not the bank, and there was no contract with him in regard to the funds. We do not see just what relief could, in any event, be awarded under this paragraph of the complaint. The funds of the district have been expended in building the road, and there is no allegation of waste or of loss of funds by the bank.

What we have said about this allegation of the complaint is conclusive of the allegations of another paragraph of the complaint, that the commissioners did not allow the time-slips of the men employed in the construction of the road to be honored at any place except at a

place of business owned by the commissioner who was the bank president. A. demurrer was sustained to this paragraph of the complaint, and, we think, properly so. The contract had been let for a fixed sum to the construction contractor. This arrangement about the time-slips was between the men working on the road and the store at which they traded, and there is no allegation that they were charged a higher price for goods than was charged other people who bought for cash, and there is no allegation that the district lost anything by this arrangement, or that it was required to pay out any of its funds on that account. The arrangement, however reprehensible it may be considered, is at an end, and we know of no order we could make in regard thereto, it not being alleged that the district sustained any loss on account of this practice.

Paragraph eleven of the complaint alleged that the commissioners contracted for a gravel bed, or took possession of it without contracting for it, and then abandoned it without using it in any manner for the benefit of the roads of the district, and that, as a result of their action in taking over this gravel bed, the district had been sued in the circuit court by the owner of the gravel bed, and a judgment recovered against the district in the sum of $———.

As the liability of the district was fixed by the judgment of the court, it must be assumed that the district paid only what the gravel bed was worth. It does not appear from the pleadings why the district took over the gravel bed, nor why it was abandoned, but it was not alleged that the commissioners acted with a corrupt or malicious intent in regard thereto, and, in the absence of that allegation, the demurrer to that paragraph of the complaint was properly sustained, because, by section 17 of the act, it is expressly provided that no commissioner shall be liable for any damages sustained by any one unless he has acted with a corrupt and malicious intent.

A paragraph of the complaint questions the fee paid the attorneys who passed upon the validity of the bonds issued by the district. We do not think this constituted waste, as it may have been necessary to obtain this opinion to effect the sale of the bonds; at least, this was a question for the determination of the commissioners.

The act creating the district gave the commissioners the power to make contracts and to employ agents and attorneys. They were charged by the act with the performance of highly important duties, and were vested with a wide discretion, necessarily so, to carry through the enormous improvement intrusted to their management and supervision. Of their right to make contracts we said: "The commissioners have power to make contracts, but they are trustees of the property owners, and can only make reasonable ones. The owners of the property have a right to challenge the validity of such contracts by showing that they are unreasonable. Of course, in testing the validity of such contracts, the court should not substitute its own judgment primarily for that of the commissioners, the authority to make the contract being lodged by the lawmakers in the commissioners, but the inquiry of the court is to determine whether or not the contract is so improvident as to demonstrate its unreasonableness." *Bowman Engineering Co.* v. *Ark. & Mo. Highway Dist.,* 151 Ark. 56.

There is an allegation that waste was committed in employing an engineering firm at five per cent. to supervise the construction of the improvement, when a fee of one per cent. would have been reasonable for that service. Substantially this allegation appeared in the complaint of each landowner. In one case a demurrer was sustained to that paragraph on the ground of the insufficiency of the recitals of the allegation. But in the case of the other plaintiff an answer was filed denying that an excessive or improvident fee was charged, or had been paid. Testimony was heard upon this allegation, which was offered by the commissioners, and the fact is estab-

lished that the engineer's fees were usual and customary, and were not excessive or unreasonable.

No error was committed therefore in sustaining the demurrer to the paragraph in one complaint, even though it stated a cause of action, inasmuch as the same allegation was heard on its merits on the answer filed in the other case. There were two complaints, but they were consolidated and heard together, and, for all practical purposes, constituted one suit.

There was a paragraph of the complaint attacking the construction contracts, and issue was joined thereon by answer filed, and we think the testimony warranted the action of the court in dismissing this paragraph as being without equity. This is true because the testimony does not show that those contracts were unreasonable or arbitrary.

There was a paragraph of the complaint which charged wilful waste in the construction of a lateral road of unnecessary length in order to reach the home of one of the commissioners. The act required the commissioners to submit their plans for approval both to the State Highway Department and the county court, and provided that, ''if the commissioners deem it to the best interests of the district to vary the line of the road, as hereinbefore laid out, they may report that fact to the county court of Little River County, and, in that event, if the county court approves of the report, it may make an order changing the route of the road, and, if necessary, it shall, in that event, lay out the new road in the manner hereinbefore provided.'' See section 4 of act 292, vol. 1, Road Acts 1919, p. 1205.

Any landowner had the right to be heard on the approval of the plans of the district, and, if there was cause for complaint, should have exercised this right in apt time. We cannot review here in this collateral proceeding the action of the county court in approving the location of a particular road.

Certain paragraphs of the complaint alleged that the assessment is discriminatory, excessive and confiscatory, being made so by the construction of the lateral roads. We have said, however. that these are questions con- cluded by the former opinion in this case.

The defendants in each of these cases, by their sep- arate answers, plead an estoppel *in pais* to each of these actions. The insistence is that the plaintiffs stood idly by for two years without objection and allowed the ex- penditures to be made of which they now complain.

There appears to be much merit in this contention, in view of what this court said was the duty of the prop- erty owners in the cases of *Rector* v. *Board of Improve- ment,* 50 Ark. 116, and *Fitzgerald* v. *Walker,* 55 Ark. 148; but we have considered the case upon its merits as an original proposition, as did the court below, and have concluded that the complaints were properly dismissed as being without equity, and that decree is affirmed.