## CAMPBELL *v.* CITY OF OLNEY.

ERROR TO THE COUNTY COURT OF YOUNG COUNTY, STATE OF
TEXAS.

No. 266.  Submitted April 20, 1923.—Decided May 21, 1923.

1. Unless a federal right is involved, a state court's application of the local laws will not be reviewed here.  P. 354.
2. Where a property owner, complaining of a special sidewalk assessment, had full opportunity, under the state laws, to be heard before the assessment was made, and a reasonable time thereafter to bring suit to set it aside, or to correct it or any proceeding with reference to it, but failed to avail himself of these rights, and did not draw in question the validity of the state laws, *held,* that a contention that he was denied due process of law was not even colorable.  *Id.*

Writ of error dismissed.

ERROR to a judgment of a county court, of Texas, (the highest court to which the cause could be taken in that State,) in favor of the City of Olney, in its action to collect a sidewalk assessment from the plaintiff in error.

*Mr. A. H. Carrigan* for plaintiff in error.

*Mr. William B. Jaynes* for defendant in error.

MR. JUSTICE BUTLER delivered the opinion of the Court.

A statute of Texas (Rev. Civ. Stats. 1911, c. 11, Arts. 1006–1017), empowered the City of Olney to lay sidewalks and to assess the cost against abutting property and owners.  The City ordered the construction of sidewalks in front of four lots owned by plaintiff in error. An ordinance was passed making the cost of sidewalks a lien against abutting property, and providing for 20 days' notice to the owner, before charging such cost personally against him or as a lien upon his property.  Plaintiff in

error was given notice in compliance with the statute and ordinance. He failed to appear or make objection to the assessment.

The statute provides that any property owner against whom or whose property such assessment has been made may within 20 days bring suit in any court having jurisdiction to set aside or correct the same or any proceeding with reference thereto, on account of any error or invalidity therein; but thereafter, he may not question the validity of such proceedings or assessment. No suit was brought by the plaintiff in error. The City issued its assessment certificate, declaring the cost of the sidewalks, $89.32, a charge against him and against the lots.

The statute further provides that if any such certificate shall recite that the proceedings have been regularly had, and that all prerequisites to the fixing of the assessment lien and personal liability have been complied with, it shall be *prima facie* evidence of the facts so recited. The certificate contained these recitals. Plaintiff in error failed to pay, and the City brought suit in justice court. He answered in substance that the City had no ordinance authorizing the assessment; that it had not complied with the statute, and was therefore without authority to invoke it, and that its acts and conduct in making the assessment constituted a taking of his property without due process of law in violation of the Fourteenth Amendment. He contended that there should have been a specific ordinance concerning this sidewalk and assessment.

The justice of the peace gave judgment in favor of plaintiff in error. The City appealed to the county court. At the trial, it offered the assessment certificate in evidence and rested. Plaintiff in error offered to prove that no ordinance had been passed relative to the laying of this particular sidewalk; that he received the notice to appear, and went to the meeting place of the city council, and that the council had adjourned. He did not offer

to prove any fact excusing his failure to appear before adjournment, or that he was denied a hearing. The county court found for the City. Its order denying a motion for a new trial recites that it is the highest appellate court to which the cause can be taken in the State of Texas because the amount involved is less than $100. The county judge allowed a writ of error bringing the case here.

The judgment of that court necessarily determines that the state laws were complied with. Unless a federal right is involved, the state court's application of local laws will not be reviewed here. *Hallinger* v. *Davis,* 146 U. S. 314, 319; *Peters* v. *Broward,* 222 U. S. 483, 492; *Armour Packing Co.* v. *Lacy,* 200 U. S. 226, 234; *Wade* v. *Travis County,* 174 U. S. 499, 508; *Osborne* v. *Florida,* 164 U. S. 650, 654; *Bardon* v. *Land & River Improvement Co.,* 157 U. S. 327, 331; *Missouri* v. *Lewis,* 101 U. S. 22, 32–33. Plaintiff in error had opportunity to be heard before the city council and was allowed a reasonable time after the assessment to bring suit to set it aside or to correct it or any proceeding with reference thereto. He failed to avail himself of the rights so given him by state laws. Their validity was not drawn in question. His claim that he was denied due process of law is not even colorable. *Valley Farms Co.* v. *County of Westchester,* 261 U. S. 155; *Withnell* v. *Ruecking Construction Co.,* 249 U. S. 63, 69; *Hibben* v. *Smith,* 191 U. S. 310, 321, *et seq.; French* v. *Barber Asphalt Paving Co.,* 181 U. S. 324, 334, 344, and cases cited. There is no federal question in the case.

*The writ of error is dismissed.*