GANNAWAY *v.* STREET IMPROVEMENT DISTRICT No. 32.

Opinion delivered May 19, 1924.

1. MUNICIPAL CORPORATIONS—BOARD OF IMPROVEMENT—INELIGIBILITY OF MEMBER.—Crawford & Moses' Digest, § 5652, is mandatory in requiring the appointment of three property owners within the district to constitute the board of improvement, but ineligibility of one of the appointees as not being a property owner did not render the proceedings of the board invalid, since, under § 5717, a majority of the board constituted a quorum.

2. MUNICIPAL CORPORATIONS—ASSESSMENTS FOR IMPROVEMENT—COLLATERAL ATTACK.—A suit attacking the validity of a municipal assessment for lack of uniformity in apportionment of the burden, if not brought within the thirty days allowed by the statute, constitutes a collateral, and not a direct, attack on such assessment.

3. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—OMISSION OF STRIP OF LAND.—Failure of a municipal corporation to assess a strip of land 7 inches wide and 150 feet deep out of 78,200 inches of frontage in an improvement district assessed for $67,512, making the additional burden on the other property inappreciable, *held* not to invalidate the assessment, under the maxium, *"De minimis non curat lex."*

4. MUNICIPAL CORPORATIONS—ANNEX TO STREET IMPROVEMENT—MODE OF ASSESSMENT.—Where the assessments of benefits were

made in such a way that funds collected in an annex to a street improvement district could be kept separate from the funds of the original district, the fact that the assessments of benefits in the annex were made at the same time as in the original district, and in the same book, and recapitulated on the same page under one certificate from the county clerk, did not invalidate such assessment.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*Frauenthal & Johnson* and *Wallace Townsend*, for appellant.

The omission of certain property in the district rendered same invalid, because in violation of the Constitution, art. 19, § 27, providing for a uniform assessment. 48 Ark. 371; 48 Ark. 251; 125 Ark. 163. The election of a commissioner who was not a property owner, as required by C. & M. Dig., § 5652, invalidates all subsequent proceedings. 86 Ark. 1. The confusion in the assessment of benefits in the original district with the assessment in the annex renders both assessments void. 125 Ark. 65; 154 Ark. 349.

*Horace Chamberlin*, for appellee.

All acts and duties of the board have been performed by at least two legally qualified members, which constitutes a majority, within the meaning of § 5717, C. & M. Digest. Green was at least a *de facto* member of the board. 38 Ark. 150. See also 52 Ark. 356; 90 Ark. 335; 126 Ark. 231; 134 Ark. 535; 32 Ark. 666; 67 Ark. 484; 133 Ark. 277. The presumption of law in favor of the validity of the assessment as made is not overcome by the facts, and, this being true, the assessment must stand. 158 Ark. 610. The seven inches of ground omitted is too slight to be considered in comparison with the whole. 87 N. E. 383; 27 Ark. 20.

HUMPHREYS, J. This is a suit by property owners in Improvement District No. 362 and an annex thereto attacking the validity of the assessments and all the proceedings of the board of improvement appointed by the city council for the district. The bill of appellants

was dismissed by the chancery court of Pulaski County for the want of equity, and an appeal from the decree of dismissal has been duly prosecuted to this court.

Appellants contend for a reversal of the decree upon the following grounds: first, because one of the three commissioners for the district, appointed by the city council, was not a property owner therein; second, because the benefits were not assessed upon a strip of land seven inches wide by 150 feet long, situated between two lots in one of the blocks in the district; and because the assessments of the benefits for both the district and the annex were made in the same book, recapitulated on the same page, under one certificate from the board of assessors and one certificate from the clerk.

(1) It is contended that all the proceedings of the board are invalid because J. W. Green, one of the commissioners appointed by the city council, was not an owner of real estate in the district at the time of his appointment. Section 5652 of Crawford & Moses' Digest contains the following provision: "* * * the city council shall at once appoint three persons, owners of real property therein (referring to the district), who shall constitute a board of improvement for the district." This statute is mandatory in the sense that the council must appoint three property owners in the district to direct its affairs, but it does not follow that, because one of the persons appointed was ineligible to serve, his ineligibility rendered the proceedings of the board invalid. It is provided by § 5717, Crawford & Moses' Digest, that "a majority of said board shall constitute a quorum for the transaction of business and the performance of the duties enjoined by this act." The record reflects that the other two members of the board were owners of real estate in the district and eligible to act, and that the acts complained of were had and done when all three commissioners were present and participating in the proceedings. This renders it unnecessary for us to determine whether J. W. Green was a de facto commissioner. Moreover, as hereinafter more fully appears, the validity

of the assessments was not attacked until after the expiration of the thirty days allowed by the statute for that purpose.

(2) The record reflects that seven inches of land fronting on Izard Street and running back about 150 feet, lying between two lots in block 237 in said district, were omitted from the assessment of benefits made by the board of assessors, and the contention is made that this omission invalidated both assessments. This suit was not brought within the thirty days allowed by the statute to contest the validity of the assessments, and is therefore a collateral attack upon the assessments for lack of uniformity in the apportionment of the burden to the several lots or parcels of land, so the assessments must stand. Had the suit been brought before the statutory bar, the doctrine of *"De minimis non curat lex"* would apply, for it is reflected by the record that the aggregate frontage of land in the district is 78,200 inches; that the benefits assessed in the original district where the seven-inch strip is located is $67,512, so the burden which the other lands would have to carry on account of the omission of assessed benefits on the seven inches of land in question would be inappreciable.

(3) While the record reflects that the assessment of benefits was made in the annex at the same time it was made in the original district, that it was made in the same book and recapitulated on the same page under one certificate from the county clerk and one certificate from the board of assessors, it also reflects that, in making the assessment of the benefits of the lands situated in the original district, the assessor gave the description of each lot, block and parcel of land, and did assess the value of the benefits accruing to each, and did enter the same with such descriptions, on separate pages, and followed the same method in assessing the value of the benefits in the annex to the original district. In other words, the record shows that the assessments of benefits were made in such a way that the funds collected in the annex need not be commingled with the funds in the original district,

and *vice versa.* This question was raised and determined adversely to the contention of appellants herein in the cases of *Davis* v. *Cook,* 159 Ark. 84, and *Davis* v. *Road Improvement District No. 7,* 162 Ark. 106, as will be seen by the following excerpt from the latter opinion:

"Again, it is contended that the assessment of benefits was void for the reason that there was not a separate assessment for the lateral roads authorized under the statute to be constructed. The statute does provide for the assessment of benefits and taxation thereon for the construction of laterals, but it does not appear that the lands contiguous to the laterals were not separately assessed under the zone system for that purpose. It is true that the lands were all embraced in a single assessment list, but it does not follow, from this mode of assessment, that the funds arising from the taxes could not be separated so as to be devoted to the identical purposes for which they were to be collected under the statute. This same question was raised in the recent case of *Davis* v. *Cook,* 159 Ark. 84, involving the affairs of the same district, and it was decided that the assessments of the laterals were, in effect, separately made. We think that it is the same in the present case. The present proceeding is not one in which the action of the commissioners in the expenditure of funds arises, and there is no attempt to show here that the commissioners have abused their powers in using funds taxed for one part of the improvement to pay for another portion of the improvement. Of course, there is a remedy for any abuse of power, but those questions are not presented here now."

No error appearing, the decree is affirmed.