SMITH v. GRABIEL.

Opinion delivered June 11, 1928.

*Lewis Rhoton,* for appellant.

*Carl E. Bailey,* for appellee.

PER CURIAM. Appellants are owners of real property situated within a street improvement district in the city of Little Rock, and they brought this suit in equity against the commissioners of the district to attack the assessment of benefits. The suit was not commenced until long after thirty days after the assessment of benefits was made by the commissioners, and the attack upon the validity of the assessment is collateral.

In *Ferrell* v. *Massie,* 150 Ark. 156, 233 S. W. 1083, a motion to dismiss the appeal on the ground that the transcript was not filed within the time required by statute

was sustained. That was a suit for the collection of delinquent assessments in a street improvement district, as provided in the statute, and the owners of real property filed a cross-complaint attacking the validity of the district and the assessment of benefits. It was claimed that the cross-complaint took the case out of the statute with respect to the limitation of time for taking an appeal and filing the transcript, but the court held against that contention.

In *Lewellyn* v. *Street Improvement District of Russellville*, 172 Ark. 496, 289 S. W. 470, it was held that an action instituted by property owners attacking an assessment of benefits in a street improvement district is collateral where it is instituted more than thirty days after approval of assessments at the hearing on notice, pursuant to Crawford & Moses' Digest, § 5658. The court said:

"In a direct attack upon the validity of assessments, it becomes a question of proof whether or not the assessments are correct, but in a collateral attack we must indulge the presumption that the assessors considered all the elements of enhancement of value or detriment which might result from the improvement, and the court is not at liberty to disturb the finding of the assessors, unless the assessment is demonstrably erroneous on its face."

These decisions control here. We have examined the face of the proceedings, and there is nothing to indicate the illegality thereof. If the property owners desired to attack the assessments on grounds which require proof, they should have taken an appeal within the time required by statute, and, not having done so, the motion by appellees to dismiss the appeal must be sustained. It is so ordered.

MEHAFFY, J., dissents.