566

## MISSOURI PAC. R. CO. v. SEWER IMPROVEMENT DIST. NO. 2 OF CONWAY, ARK., et al.

Circuit Court of Appeals, Eighth Circuit.
June 28, 1929.

No. 8459.

Thomas B. Pryor, Vincent M. Miles, and Thomas B. Pryor Jr., all of Ft. Smith, Ark., for appellant.

R. W. Robins, of Conway, Ark., for appellees.

Before BOOTH, Circuit Judge, and SANBORN and DEWEY, District Judges.

BOOTH, Circuit Judge. This is a suit in equity brought by the appellant against the appellees (the sewer improvement district No. 2 of Conway, Ark., and the two commissioners of the district), seeking to restrain them from collecting or attempting to collect an assessment made against the property of the appellant within said district, and to set aside the assessment of benefits made against said property, in connection with the construction of a sewer and disposal plant. The court below on motion dismissed the bill of complaint, on the ground that it failed to state facts sufficient to constitute a cause of action; and the present appeal is from the decree dismissing the bill.

The allegations in the bill of complaint were: That the sewer improvement district No. 2 was established in accordance with the statutes of the state of Arkansas; that the assessors under said statutory provisions had made an assessment against the property of the company in the sum of $5,000 for said improvement; that this amount was, upon protest of the company, reduced to $4,000. The bill further alleged that the assessment was confiscatory, excessive, and arbitrary; that the company had theretofore been assessed in what was called sewer improvement district No. 1; and that under said last-mentioned district the company's property had all of the sewer connections needed. It further alleged that two other property owners in district No. 2 owned property of far greater value than plaintiff, but were assessed only a fractional part of the assessment against plaintiff. The bill further alleged that the defendants were threatening to add penalties to the assessment against plaintiff, unless the amount of the tax was paid; and were threatening to bring suit against plaintiff. It further alleged that the ordinance making the levy of said assessment was passed July 15, 1927, and published July 16, 1927. A map was attached to the bill of complaint showing the sewer improvement district No. 2.

The sole question on this appeal is whether the bill of complaint stated facts sufficient to constitute a cause of action.

It is plain that the allegations that the assessments were arbitrary, confiscatory, and discriminatory, being merely in general terms, were insufficient. Facts must be pleaded and not mere conclusions when it is sought to show that an assessment is arbitrary, confiscatory, or discriminatory. The allegations in reference to the assessment against two other property owners are also insufficient to show discrimination. By reference to the plat attached to the complaint it is apparent that there were several hundred assessments. The mere fact that two of these appeared on their face to be much less in proportion to the value of the properties than the assess-

ment against the plaintiff would not be sufficient to show that the assessment against the plaintiff was discriminatory or arbitrary when all of the assessments were considered.

There is, moreover, a further defect in the bill of complaint which is fatal. It is alleged that the ordinance was passed July 15, 1927, and was published July 16, 1927. The bill of complaint was filed in the lower court August 30, 1927.

Section 5668, Crawford & Moses' Digest of the Statutes of Arkansas, 1921, relating to assessments such as here involved, reads as follows:

*"Publication of ordinance—test proceedings.*—Within thirty days after the passage of the ordinance mentioned above, the recorder or city clerk shall publish a copy of it in some newspaper published in such town or city for one time. And all persons who shall fail to begin legal proceedings within thirty days after such publication for the purpose of correcting or invalidating such assessment shall be forever barred and precluded."

This statute has been construed by the Supreme Court of Arkansas as requiring suits brought for the purpose of testing the validity of the assessment to be commenced within 30 days after the publication of the ordinance. In Ingram v. Thames, 150 Ark. 443, page 447, 234 S. W. 629, the court said: "The statute requires that, within thirty days after the passage of the ordinance mentioned above (assessment ordinance), the recorder or city clerk shall publish a copy of it in some newspaper published in such town or city for one time. And all persons who shall fail to begin legal proceedings within thirty days after such publication for the purpose of correcting or invalidating such assessment shall be forever barred and precluded. Sec. 5668, Crawford & Moses' Digest. The allegations of the appellant's complaint show that it is an attack upon the assessment of benefits. The appellant did not comply with this statute, and therefore his cause of action is barred." See also Meyer v. Board of Imp. of Pav. Dist., 148 Ark. 623, 231 S. W. 12; Thomas v. Street Imp. Dist., 158 Ark. 187, 249 S. W. 590; Gannaway v. Street Imp. Dist., 164 Ark. 407, 262 S. W. 22; Lewellyn v. Street Imp. Dist., 172 Ark. 496, 289 S. W. 470; Smith v. Grabiel, 177 Ark. 611, 7 S.W. (2d) 13; Campbell v. City of Olney, 262 U. S. 352, 43 S. Ct. 559, 67 L. Ed. 1021.

In the case last cited, which was similar to the case at bar, the Supreme Court in its opinion said (page 354 of 262 U. S. [43 S. Ct. 559]): "Plaintiff in error had opportunity to be heard before the city council and was allowed a reasonable time after the assessment to bring suit to set it aside or to correct it or any proceeding with reference thereto. He failed to avail himself of the rights so given him by state laws. Their validity was not drawn in question. His claim that he was denied due process of law is not even colorable."

We are clearly of the opinion that under the authorities cited the cause of action was barred. It follows that the decree of the court below must be affirmed, and it is so ordered.