WOOD v. TOBIN.

4-4614

Opinion delivered April 19, 1937.

B. F. Arnold and E. F. Friedell, for appellant.

Minor W. Milwee, for appellees.

GRIFFIN SMITH, C. J. Property of appellant in the city of DeQueen is embraced within Paving District No. 1. Appellant cites the act under which the district was created, which provides that taxpayers aggrieved because of assessments of benefits may appear before the assessing board for adjustments and reductions, but alleges that, since 1931 to and including 1935, there has been no acting assessing board. For this reason appellant says that he has been denied the right to appear and petition for adjustments, and to ask for relief to which he is entitled.

He further alleges that the assessed property is located on a designated state highway; that under the provisions of act 11, approved February 12, 1934, refunding certificates of indebtedness were issued covering obligations created by act No. 8 of 1928, act No. 248 of 1931, and act No. 85 of 1931; that by act 11 of Special Session of 1934, the district was entitled to and received $104,417.40 in bonds; that the commissioners have misapplied such fund in that property on streets embraced within Paving District No. 1, but not connected with the state system, has been relieved with state aid money that has been applied as a credit on property touching designated state highway continuations.

There was a demurrer to the complaint, a motion to set aside the demurrer, an amended complaint, a demurrer to the amended complaint, and an order sustaining the demurrer to the amended complaint.

This court has frequently held that an action to set aside assessments of improvement district betterments, prosecuted in the manner adopted by the appellant here, is a collateral attack. Chief Justice McCulloch, speaking for the court in *Lewellyn* v. *Street Improvement District of Russellville,* 172 Ark. 496, 289 S. W. 470, said: "The assessment of benefits in the annexed territory was duly made and notice of the date of hearing given, pursuant to statute. Crawford & Moses' Digest, § 5668. This action was instituted by appellants more than thirty days after the approval of the assessments; therefore the attack upon the validity of the assessments is collateral. * * * In direct attack upon the validity of assessments, it becomes a question of proof whether or not the assessments are correct, but in a collateral attack we must indulge the presumption that the assessors considered all the elements of enhancement of value or detriment which might result from the improvement, and the court is not at liberty to disturb the findings of the assessors, unless the assessment is demonstrably erroneous on its face." In *Smith* v. *Grabiel,* 177 Ark. 611, 7 S. W. (2d) 13, in a *per curiam* opinion, the rule announced *supra* was upheld, under the following syllabus: "A

suit in equity against the commissioners of a street improvement district attacking the assessment of benefits for a street improvement commenced more than thirty days after notice of the filing of the assessment, as required by § 5668 of Crawford & Moses' Dig., *held* a collateral attack, and not maintainable.''

There are numerous decisions to the same effect. The law is definitely established contrary to appellant's theory.

The contention that financial relief extended by the state should be used as a credit against assessment of betterments for the benefit of taxpayers whose property is on or contiguous to continuations of state highways, to the exclusion of other taxpayers in the municipal improvement district, is likewise untenable.

In *Jackson* v. *Foster,* 192 Ark. 712, 94 S. W. (2d) 113, appellees, taxpayers within Paving District No. 1 of Bentonville, sought a restraining order to prevent the commissioners from discriminating against property owners. After reciting the agreed statement of facts, the court said: ''There is only one question for our consideration, and that is whether the fund received by the commissioners of the district from the state is for the benefit of those property owners whose property joins the state highway, or whether it is for the benefit of the property owners of the entire district, whose property was assessed to pay for the improvements included in the state highway * * *. The statute itself not only provides that the money shall go to the district, but it would be inequitable and unjust to pay the owners of a portion of the land in the district, and not pay other persons whose property is assessed to pay for the improvements. It was manifestly the intention of the Legislature to protect and assist the property owners of the improvement district, and the intention that each property owner should benefit in proportion to the assessment on his property. The indebtedness of the district is an obligation and lien against all the property in the district, and not simply against the property adjacent to the state highway.''

These decisions are conclusive of contentions made by appellant.

The action of the court in sustaining the demurrer is affirmed.