DAVIS *v.* ROAD IMPROVEMENT DISTRICT No. 7.

Opinion delivered January 21, 1924.

1. STATUTES—SPECIAL ACT—THIRTY-DAY NOTICE.— The presumption that the thirty-day notice required by the Constitution (art. 5, § 26) before a bill for a special act can be introduced in the Legislature, was given for the passage of Road Laws 1919, vol. 1, p. 1205, creating a special road district, is conclusive.

2. STATUTES—LEGISLATIVE FINDING AS TO NECESSITY FOR SPECIAL ACT. —The legislative finding, under Const., art. 5, § 25, as to the necessity of passing Road Laws 1919, vol. 1, p. 1205, a special act creating a road district, is conclusive.

3. STATUTES—DESCRIPTION OF ROAD.—In 1 Road Laws 1919, p. 1205, creating a road district, indefinite words describing the road as passing through a certain town "on streets to be selected by the commissioners, to a point near the east quarter corner of section

27," etc., obviously constituted a clerical error not affecting the validity of the district, especially since the act authorized the commissioners to adopt the most favorable route.

4.  HIGHWAYS—BASIS OF ASSESSMENT.—A statute creating a road improvement district need not specify a basis for assessment of property, but may leave the ascertainment of a basis to the board of assessors appointed by the commissioners.

5.  HIGHWAYS—CORRECTION OF CLERICAL ERRORS.—Where assessments of land in a road improvement district were made by zones, and clerical errors in placing some lands in the wrong zones were corrected before the assessments were extended on the taxbooks, the clerical errors did not invalidate the assessment.

6.  HIGHWAYS—VALIDITY OF ORDER ASSESSING TAXES.—Where it did not appear that the installments of taxes levied by the county court for a road improvement district exceeded the benefits, the order was not void on its face, and the remedy for correcting any errors, under 1 Road Laws 1919, p. 1213, § 8, is exclusively by appeal.

7.  HIGHWAYS—BUILDING OF LATERALS—MODE OF ASSESSMENT.—Where a statute creating a road improvement district provided for the assessment of benefits and taxation of lands contiguous to certain laterals, the fact that all of the lands were embraced in one assessment list did not invalidate the entire assessment, as the funds arising from the taxes for the laterals could be separated from the taxes for the main line.

8.  HIGHWAYS—OBJECTIONS TO MODE OF ASSESSMENT.—The validity of an assessment of benefits in a road improvement district cannot be questioned in equity on the grounds that the assessors adopted an improper system, or made arbitrary and discriminatory assessments, or that the assessments made were confiscatory; the remedy for raising such questions being by appeal.

Appeal from Little River Chancery Court; *A. P. Steel,* special chancellor; affirmed.

*E. F. Friedell* and *Evans & Evans,* for appellants.

1.  The assessment of benefits upon which the taxes in this suit are sought to be collected was filed November 10, 1920, and was an assessment made without notice to the landowners, and without notice given of a time and place when and where the taxpayers could be heard. It is therefore void as in violation of the due process and equal protection clauses of the State and Federal Constitutions. The burden was upon the plaintiff to make out its right to recover by a preponderance of the evi-

dence, and this included a showing by the greater weight of the evidence that due notice of the assessment was given in the manner required by law.

2. The act, No. 292, attempting to create the district, is void because too indefinite and uncertain in the description of the roads to be improved. There is no such thing as an "east quarter corner" of a section of land, and such a description of a terminal point or of a direction point in the road describes nothing.

3. The act is void, because it violates art. 5, § 25, of our State Constitution, since, at the time this act was passed, there was a general law upon our statute books applicable to the subject covered or attempted to be covered by this act. While this court, in *Davis* v. *Gaines,* 48 Ark. 384, appears to hold that the provisions of the Constitution with reference to the enactment of special laws where general laws can be made applicable, and with reference to the passage of local laws without notice, are merely directory and not mandatory, yet, upon review of the authorities in *Booe* v. *Road Improvement District,* 141 Ark. 140, it held that the provision with reference to the enactment of local laws without notice is mandatory and binding upon the Legislature. Under the reasoning in that case, it must be held that the constitutional provision against the enactment of a special law where a general law can be made applicable, is mandatory.

4. The court erred in sustaining the demurrer to the seventh paragraph of the answer setting up, in effect, that a considerable body of land in the district, owned by various church organizations, was intentionally omitted from the assessment of benefits, and intentionally not levied upon for the purpose of making the improvement. Article 2, § 8, State Constitution, and the 5th and 14th Amendments, U. S. Constitution; 69 Ark. 68; 130 Ark. 70.

5. The commissioners failed to comply with § 26 of the act, authorizing the commissioners to build lateral roads, in that they did not make separate assessments of benefits on the lands supposed to be benefited by the proposed lateral roads, but such assessment and the levy of

taxes thereon was made upon one assessment of benefits for improving the two primary roads and the six lateral roads. The assessment and levy were therefore void, being in violation of the due process and equal protection clauses of the State and Federal Constitutions. The only justification for the imposition of special taxation is that special benefits are to be enjoyed. 155 Ark. 309; 86 Ark. 1.

6. The court erred in sustaining the demurrer to the 10th paragraph of the answer, alleging that the act prescribes no definite standard for determining or assessing the benefits. Article 2, § 8, Constitution of Arkansas; 5th amendment U. S. Constitution; 14th amendment, *Id.*; 256 U. S. 658, 65 Law. ed. 1151.

7. The assessment of benefits is discriminatory and void, since, under the zone system adopted, the assessment was not made according to a standard which would probably produce approximately correct general results, nor approximately correct individual results. 256 U. S. 658, 65 L. E. 1141.

*Otis Gilleylen,* for appellee.

1. The assessment of benefits upon which the taxes are sought to be collected was filed July 18, 1919, and was made the basis of the levy of taxes by the county court on the real property in the district by its order and judgment of September 26, 1919. The so-called assessment insisted on by appellant as having been filed November 10, 1920, was not an assessment, but a copy of the original, wherein certain obvious clerical errors were corrected. The determination of this issue presented a question of fact for the court, and its finding should be sustained. The method provided by the statute for attacking the validity of the assessment is exclusive. It has become final in this case, and collateral attack will not lie, unless the assessment is void on its face. 156 Ark. 226; 155 Ark. 89; 151 Ark. 484; 153 Ark. 85; 144 Ark. 632.

2. On the question of the burden of proof, § 8 of the act 292 provides that the remedy against such levy of taxes shall be by appeal, which must be perfected within

twenty days from the time the levy is made, and that, on such appeal, "the presumption shall be in favor of the legality of the tax." See also § 12 of the act; act No. 223, Acts 1921; act No. 534, Acts 1921, §§ 1, 2, 4. One who complains that an assessment is excessive, confiscatory, etc., has the burden of proof. 145 Ark. 382.

3. The description of the road to be improved, as found in § 1 of the act, contains the starting point, direction points and terminal point. Moreover, § 2 provides that said roads will follow the best route attainable and adhere to the existing roads as near as practicable, and that, if any part of said roads has not been laid out as a public road, it shall be the duty of the county court to lay the same out in accordance with act No. 422, Acts 1911. The description is sufficient. 142 Ark. 52; 147 Ark. 469. A construction invalidating an act should not be adopted, if a construction upholding its validity can be placed upon it not inconsistent with any of its parts. *Wimberly* v. *Road Imp. Dist. No. 7*, 161 Ark. 79.

4. The contention that the act violates art. 5, § 25, of the Constitution is without merit. This court has held that this provision is merely cautionary to the Legislature. 35 Ark. 69; 48 Ark. 370; 80 Ark. 333; 142 Ark. 52, dissenting opinion.

5. The remedy of a property owner whose rights have been infringed upon by the omission of lands from the assessment of benefits, is not to impeach the validity of all of the assessments in the district, but to move for the proper assessment of the omitted lands. 158 Ark. 357.

6. The objection raised that the assessment was invalid because there was no separate assessment of benefits for the purposes of the lateral roads has been determined adversely to appellants' contention, in the case of *Davis* v. *Cook,* 159 Ark. 84.

7. Paragraph 10 of the answer, alleging that the act provides no definite standard for determining benefits, etc., fails to allege any abuse of discretion on the part of the commissioners or assessors. If appellants felt that

their assessments were excessive, they should have availed themselves of the remedy provided in the act.

McCULLOCH, C. J. Appellee is a road improvement district, created by special statute enacted at the regular session of the General Assembly in the year 1919 (vol. 1 Road Acts, 1919, p. 1205), and the commissioners of the district instituted this action in the chancery court of Little River County to enforce payment of delinquent assessments. Appellants, who were owners of lands in the district, appeared and filed an answer, attacking the validity of the statute creating the district as well as the validity of the assessment of benefits. The court sustained a demurrer to some of the paragraphs of the answer, and there was a trial of the issues on other paragraphs, which resulted in a decree in favor of appellee, foreclosing the lien on the lands of appellants for the delinquent assessments. An appeal has been prosecuted in apt time.

The validity of the statute is attacked on the ground that notice of the introduction of the bill was not given as required by the provisions of the Constitution, and also that the enactment was in conflict with the provision of the Constitution that "where a general law can be made applicable, no special law shall be enacted." Constitution of 1874, art. 5, § 25. These questions have been so often decided by this court against the present contention of appellants that it is unnecessary to discuss them at this time. We must treat the questions as settled that a conclusive presumption will be indulged that notice of the introduction of the bill for the statute was given and that the legislative finding as to the propriety and necessity of passing a special law was conclusive. *Booe* v. *Road Improvement District,* 141 Ark. 140.

The validity of the statute is also assailed on the ground that the description of the road to be improved was too uncertain to afford identification. The description is as follows:

"A road beginning on the north side of the railroad, on the western boundary of the county, in section twenty-

six (26), township eleven (11) south, range thirty-three (33) west, and running southeasterly and southerly to the south line of section twelve (12), township twelve (12) south, range thirty-three (33) west; thence easterly and southerly through said town of Rocky Comfort, or Foreman, on streets to be selected by the commissioners, to a point near the east quarter corner of section twenty-seven (27), township twelve (12) south, range thirty-two (32) west, thence southeasterly and easterly to the boundary of the district on the north line of section six (6), township thirteen (13) south, range twenty-nine (29) west.''

The contention is that that portion of the description which refers to ''a point near the east quarter corner of section twenty-seven'' is indefinite, in that there is no point to which it can definitely refer. This is an obvious clerical error, and does not affect the validity of the description. The language in question describes a certain public road, and part of it runs through the town of Foreman (or Rocky Comfort, the other name by which the town is designated), and an error in one of the calls does not lessen the effectiveness of the description as a designation of this road. The statute authorizes the commissioners to adopt the most favorable route through the town, and, even if the description were not otherwise sufficiently definite, the error would be cured by the authority of the commissioners to select a route through the town. This attack on the validity of the statute is therefore unfounded.

It is next contended that the statute is void because it fails to prescribe the standard to be adopted by the assessors in appraising benefits. It is true that the statute does not provide a specific basis for determining benefits, but § 5 merely provides that the commissioners ''shall appoint three assessors, who shall proceed to assess the lands within the district, and shall inscribe in a book each tract of land, and shall assess the value of the benefits to accrue to such tract by reason of such improvement.'' The clear meaning of this provision is

to require the ascertainment of actual benefits to accrue from the improvement, and it is left to the assessors to consider all elements which enter into the question of benefits and to assess according to actual benefits. It is not essential to a law authorizing an assessment that there shall be a special direction as to the basis to be adopted. The lawmakers may specify such basis as a legislative determination that actual benefits will accrue in accordance therewith, but it is not essential that the basis of valuation be specified in the law. It is sufficient merely to provide for an assessment according to actual benefits. Learned counsel for appellants seem to think that the effect of the decision of the Supreme Court of the United States in *Kansas City Southern Ry. Co.* v. *Road District,* 256 U. S. 658, is to hold that the Legislature must specify the basis of the assessment of benefits, but we do not think that the decision in question is an authority to that effect.

The atttack on the validity of the assessments begins with the contention that the list of the assessments sued on was not the basis of the order of the county court levying the taxes, and that no notice was given of the filing of the assessments in accordance with the statute so as to afford the landowners an opportunity to be heard. The facts of the case, as disclosed by the record, are against this contention of appellants. The assessors adopted what is termed the zone system of assessments, and filed the list of assessments, as provided by the statute, with the county clerk on July 18, 1919, and the order of the county court levying the taxes was entered on September 26, 1919, based on the list of assessments filed by the board of commissioners. It appears from the evidence in the case that, before the taxes were actually extended on the taxbooks, it was discovered that there were clerical errors in placing some of the tracts in the wrong zone, and this was corrected, in the extension of the taxes, so as to place them in the zone to which they belonged and to extend the taxes in accordance with the benefits assessed on lands in those zones. Under the

direction of the commissioners, an employee made a copy of the assessment list with the proper corrections thereon as to the zones, and this copy was certified by the commissioners and left with the clerk to be used in the extension of the taxes. The proof shows that the original assessment was the basis of the county court's order in levying the taxes. The validity of the assessments was not affected by the obvious errors, in some instances, of putting certain tracts in the wrong zone, for the assessment itself showed that land a certain distance from the road was to be placed in a certain zone, and this made any error in placing land in the wrong zone an obvious one. In other words, the assessment shows on its face that the benefits on all lands were assessed in accordance with the location in zones, therefore the location of the land determined the amount of appraised benefits.

It is also contended that the order of the court levying the tax on assessments was void because the levy was for an amount in excess of the actual cost of the improvement. Section 8 of the statute provides that the remedy against the levy made by the county court must be by appeal, and we have held that the remedy by appeal is exclusive, unless the assessment is void on its face. *Pierce* v. *Drainage District No. 17,* 155 Ark. 89. It does not appear that the installments of taxes levied by the county court were in excess of the benefits, therefore the order is not void on its face, and the remedy for the correction of errors by appeal is exclusive.

Again, it is contended that the assessment of benefits was void for the reason that there was not a separate assessment for the lateral roads authorized under the statute to be constructed. The statute does provide for the assessment of benefits and taxation thereon for the construction of laterals, but it does not appear that the lands contiguous to the laterals were not separately assessed under the zone system for that purpose. It is true that the lands were all embraced in a single assessment list, but it does not follow, from this mode of assess-

ment, that the funds arising from the taxes could not be separated so as to be devoted to the identical purposes for which they were to be collected under the statute. This same question was raised in the recent case of *Davis* v. *Cook,* 159 Ark. 84, involving the affairs of the same district, and it was decided that the assessments of the laterals were, in effect, separately made. We think that it is the same in the present case. The present proceeding is not one in which the action of the commissioners in the expenditure of funds arises, and there is no attempt to show here that the commissioners have abused their powers in using funds taxed for one part of the improvement to pay for another portion of the improvement. Of course, there is a remedy for any abuse of power, but those questions are not presented here now.

The validity of the assessment is also attacked on the ground that it was improper for the assessors to adopt the zone system; that the assessments were arbitrarily made, without regard to value or condition of the particular tracts of land; that the assessments were confiscatory; and that there was discrimination in omitting from the assessment lists real property owned by certain churches in the district. The answer to all of these contentions is that the statute provides a direct method of attacking the assessments within a limited time, and, unless the assessment list is void on its face, the statutory method for testing the validity is exclusive. Many recent decisions of this court are decisive of the question. *Road Imp. Districts* v. *Crary,* 151 Ark. 484; *Pierce* v. *Drainage District No. 17,* 155 Ark. 89; *House* v. *Road Improvement District,* 158 Ark. 330.

We have decided that the adoption of the zone system is not, on its face, an erroneous basis for assessing benefits. Of course, on a direct attack upon this method of assessment, a landowner has the right to show that the adoption of the system does not afford a proper method of establishing a uniform assessment, but the

attack on this ground must be a direct one, and not collateral, as in the present case. There is nothing on the face of the assessments, in the present case, to show that they are arbitrary or unjust or that all the elements entering into the question of benefits were not considered in adopting this method of assessing.

This disposes of all of the alleged grounds of attack on the validity of the statute and of the assessments of benefits, and, as we have concluded that all of the attacks are unfounded, it follows that the decree must be affirmed, and it is so ordered.

WOOD and HART, JJ., dissent.